SUCESIÓN DE LUCAS P. VALDIVIESO, compuesta por doña EUSTOQUIA ALVARADO, JORGE LUCAS, CONCEPCIÓN y MARÍA TERESA VALDIVIESO, peticionarios, *v.* CORTE DE DISTRITO DE PONCE, HON. RAMÓN A. GADEA PICÓ, JUEZ, demandada.

Núm. 17.—*Sometido:* Noviembre 16, 1944. *Resuelto:* Enero 30, 1945.

*Fernando H. Usera y Leopoldo Tormes García,* abogados de los peticionarios; *Erasto Arjona Siaca,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Genaro Velázquez radicó la querella de este caso en la Corte Municipal de Ponce el 13 de agosto de 1942. Alegó

que desde el 7 de agosto de 1935 hasta el 16 de mayo de 1940 trabajó como celador de la querellada en la Hacienda Dolores del barrio Tallaboa de Peñuelas; que su trabajo consistía en vigilar los establecimientos de la querellada y las siembras de caña inmediatas a los mismos; que empezaba su trabajo a las seis de la tarde y lo terminaba a las seis de la mañana siguiente, y que su salario era de ocho dólares semanales. Alegó además que entre las dos fechas antes indicadas trabajó para la querellada 9,760 horas extras, que a razón del doble tipo de salario por hora ordinaria (28 centavos) importan $2,732.80, y que tenía derecho además a 357 días de descanso con salario íntegro, de cuyo descanso no disfrutó por haber trabajado dichos 357 días, adeudándole la querellada por el primer concepto los referidos $2,732.80 y por este último $406.98.

Contestó la querellada admitiendo que el querellante había trabajado para ella durante el período comprendido en las fechas antes mencionadas, y que su salario era a razón de ocho dólares semanales; pero alegó que la obligación del querellante a virtud del contrato de servicios era trabajar ocho horas diarias, y que nunca trabajó más de ese número de horas, habiendo recibido semanalmente la compensación convenida. Expuso ciertas defensas que no es necesario considerar a los efectos de esta opinión.

La corte municipal dictó sentencia a favor del querellante. Apeló la querellada para ante la corte de distrito, la cual declaró probados los siguientes hechos: que el contrato de servicios imponía al querellante la obligación de trabajar ocho horas diarias solamente por un salario de ocho dólares semanales, o sea a razón de $1.14 por día de ocho horas de trabajo; que durante el período alegado en la querella el querellante trabajó 1591 días de doce horas de labor; que como el salario era a razón de $1.14 por día de ocho horas de trabajo, su salario por hora era a razón de catorce centavos; que habiendo trabajado 1591 días, tenía a su favor

1591 novenas horas, que a tipo doble, o sea a 28 centavos cada una, hacen un total de $445.48; que durante el mismo tiempo trabajó tres horas extras, o sea, las siguientes a la novena, las cuales computadas a tipo sencillo totalizan $668.22; y por último que durante el mismo tiempo trabajó 223 domingos (que no venía obligado a trabajar, puesto que según la corte debía recibir salario íntegro ese día sin trabajarlo), que a $1.14 cada uno importan $254.22. Las tres partidas suman $1,367.92, por cuya cantidad más las costas la corte de distrito dictó sentencia a favor del querellante. Interpuso entonces la querellada el presente recurso de *certiorari* bajo la Ley núm. 32 de 1943 (pág. 85).

Invocando la peticionaria los casos de *Cardona* v. *Corte*, 62 D.P.R. 61, y *Muñoz* v. *Corte*, 63 D.P.R. 236, alega que la corte de distrito erró: (1) al sostener que el contrato de servicios era a razón de ocho dólares por siete días de ocho horas de labor, cuando en realidad lo convenido entre las partes, según la declaración del propio querellante, era que éste trabajase de seis de la tarde a seis de la mañana durante siete días por el salario semanal antes indicado; (2) al compensar las 4,773 horas extras después de las novenas, puesto que dichas horas estaban incluídas en el salario convenido; y (3) al condenarla a pagar la partida de $254.22 por los alegados 223 domingos a razón de $1.14 cada uno sin considerar que el querellante era un trabajador agrícola.

Si bien es verdad que en su contestación la querellada alegó que el contrato de servicios era por ocho horas de labor diaria y que el querellante en ningún día trabajó más de ese número de horas, sin embargo de la declaración del propio querellante consta concluyentemente que el salario que él recibía era por trabajar como celador desde las seis de la tarde hasta las seis de la mañana. El hecho de que la querellada alegase que el contrato era por ocho horas y que el querellante en ningún día trabajó más de ese número

de horas, no desvirtúa la alegación de la querella redactada por un abogado de reconocida competencia, de la que resulta que el trabajo del querellante era de seis de la tarde a seis de la mañana siguiente. Tampoco destruye en beneficio del querellante lo que él mismo declaró en el acto del juicio a ese efecto.[1] Siendo ello así, debió computarse la hora de trabajo, como alega la querellada y como se ha resuelto por este tribunal en los casos de *Cardona,* supra, *Muñoz,* supra, y otros, a razón de $1.14 dividido entre doce (el número de horas convenido), o sea 9½ centavos; pero como el querellante recibió el pago de la novena hora a tipo sencillo cuando cada semana percibió el salario estipulado, para completar la doble compensación debe multiplicarse el tipo sencillo por las 1591 novenas horas, lo cual asciende a $151.15, en vez de $445.48 que concedió la corte por ese concepto.

En cuanto a las horas extras siguientes a la novena, aplicando una vez más los casos de *Cardona,* supra, y de *Muñoz,* supra, y otros más recientes, tendremos que concluir que dichas horas extras están incluídas dentro del salario de ocho dólares que cada semana recibió el querellante.[2]

■ Finalmente la partida de $254.22 concedida por la corte por concepto de 223 días de descanso, que erróneamente la corte de distrito llama días domingos, tampoco procede porque el querellante, por la naturaleza de su trabajo, no está incluído entre los que tienen derecho al día de descanso con salario íntegro por cada seis días de trabajo. *Parrondo* v. *L. Rodríguez & Co.,* ante, pág. 438.

*Procede por lo expuesto devolver el caso a la corte de distrito para que modifique su sentencia anterior, condenando a la querellada a pagar al querellante la cantidad de $151.15.*

---

(1)Lo que en realidad hace la corte es no dar crédito a la declaración del querellante en cuanto le perjudica al sostener que su contrato era por doce horas, y aceptarla en cuanto lo beneficia al sostener que él trabajó doce horas diarias.

(2)El querellante vigorosamente ataca esta fase de las decisiones arriba citadas, pero no estamos convencidos de que debamos variar la doctrina.